CHRISTOPHER R. PITOUN (SBN 290235)
christopherp@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

STEVE W. BERMAN (pro hac vice)
steve@hbsslaw.com
JERROD C. PATTERSON (pro hac vice)
jerrodp@hbsslaw.com
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

*Attorneys for Plaintiffs*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GOULD, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR COMPANY, et al.,<br><br>Defendants. | Case No. 8:23-cv-01344-JWH-DFM<br><br>Hon. John W. Holcomb<br><br>**PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION**<br><br>Date:     January 26, 2024<br>Time:     9:00 a.m.<br>Dep't:    Santa Ana, Courtroom 9D |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .......................................................................... 1

II.   FACTUAL BACKGROUND ........................................................ 2

III.  LEGAL STANDARD ................................................................... 3

IV.   ARGUMENT ................................................................................ 4

    A.    Defendants do not meet their burden to show that
            Plaintiffs agreed to arbitrate their claims. ........................... 4

            1.    Defendants cannot provide evidence of Plaintiffs'
                     assent to the Terms. ................................................... 6

    B.    The Terms' arbitration agreements are unenforceable
            because they are unconscionable. ......................................... 8

            1.    The Terms' arbitration agreements are
                     substantively unconscionable. .................................... 9

            2.    The Terms' arbitration agreements are procedurally
                     unconscionable. ....................................................... 10

    C.    The Court should order discovery before granting
            Defendants' motions to compel. ........................................ 11

    D.    The Court need not reach Defendants' scope arguments or
            stay the case because Defendants fail to establish an
            agreement between themselves and Plaintiffs. ................... 12

V.    CONCLUSION ........................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Torosyan v. BMW of N. Am., LLC*,
   2020 WL 3628711 (C.D. Cal. Mar. 12, 2020) ...................................................... 4

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) ....................................................................................... 10, 12

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
   475 U.S. 643 (1986) .............................................................................................. 3

*Basulto v. Hialeah Auto.*,
   141 So. 3d 1145 (Fla. 2014) .................................................................................. 8

*Berman v. Freedom Fin. Network, LLC*,
   2018 WL 2865561 (N.D. Cal. June 11, 2018) .................................................. 4, 6

*Berman v. Freedom Fin. Network, LLC*,
   30 F.4th 849 (9th Cir. 2022) ................................................................................. 8

*Briones v. Fitness Int'l, LLC*,
   2016 WL 10957953 (C.D. Cal. Aug. 5, 2016) .................................................. 4, 7

*Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*,
   816 F.3d 1208 (9th Cir. 2016) .............................................................................. 3

*Chavarria v. Ralphs Grocery Co.*,
   733 F.3d 916 (9th Cir. 2013) .............................................................................. 10

*Clark v. Aaron's, Inc.*,
   2012 WL 4468747 (N.D. Ga. Sept. 26, 2012) ..................................................... 8

*Davis v. USA Nutra Labs*,
   303 F. Supp. 3d 1183 (D.N.M. 2018) ................................................................ 11

*DeArmond v. Halliburton Energy Servs., Inc.*,
   81 P.3d 573 (N.M. Ct. App. 2003) ....................................................................... 5

*Esparza v. SmartPay Leasing, Inc.*,
   2017 WL 4390182 (N.D. Cal. Oct. 3, 2017) ...................................................... 10

*Fisher v. PNC Bank, N.A.*,
   2019 WL 5260282 (S.D. Fla. Aug. 12, 2019) ......................................................... 5

*Foster v. Walmart, Inc.*,
   15 F.4th 860 (8th Cir. 2021) ..................................................................................... 8

*Galvez v. JetSmarter, Inc.*,
   2019 WL 4805431 (S.D.N.Y. Sept. 30, 2019) ........................................................ 5

*Gatton v. T-Mobile USA, Inc.*,
   152 Cal. App. 4th 571 (2007) ................................................................................... 8

*Glover v. Bob's Discount Furniture, LLC*,
   621 F. Supp. 3d 442 (S.D.N.Y. 2022) ..................................................................... 8

*Gonzalez v. Preferred Freezer Servs., LBF, LLC*,
   2012 WL 2602653 (C.D. Cal. July 5, 2012) ........................................................... 7

*Griffin v. Vivint Solar, Inc.*,
   2021 WL 2186408 (D.N.M. May 28, 2021) ........................................................... 7

*Hamby v. Power Toyota Irvine*,
   798 F. Supp. 2d 1163 (S.D. Cal. 2011) ................................................................. 12

*Hammond v. Compak Asset Mgmt., Inc.*,
   2010 WL 11463177 (C.D. Cal. Apr. 29, 2010) .................................................. 3, 4

*Hibler v. BCI Coca–Cola Bottling Co. of L.A.*,
   2011 WL 4102224 (S.D. Cal. Sept.14, 2011) ....................................................... 12

*Howard v. Goldbloom*,
   30 Cal. App. 5th 659 (2018) ..................................................................................... 9

*Jackson v. Rent-A-Center W., Inc.*,
   581 F.3d 912 (9th Cir. 2009) .................................................................................... 4

*Jerry Erwin Assocs., Inc. v. Est. of Asher by & through Zangara*,
   290 F. Supp. 3d 1213 (D.N.M. 2017) ..................................................................... 8

*In re Jiffy Lube Int'l, Inc., Text Spam Litig.*,
   847 F. Supp. 2d 1253 (S.D. Cal. 2012) ................................................................. 10

*Laguna v. Coverall N. Am., Inc.*,
   2011 WL 3176469 (S.D. Cal. July 26, 2011), ..................................................... 12

- iii -

*Larsen v. J.P. Morgan Chase Bank, N.A.*,
  2011 WL 3794755 (11th Cir. Aug. 26, 2011) ...................................................... 12

*Lim v. Helio, LLC*,
  2012 WL 12884440 (C.D. Cal. Apr. 11, 2012) ............................................... 7, 8

*Maranda v. Hyundai Motor Am., Inc.*,
  2023 WL 6474450 (C.D. Cal. Oct. 2, 2023) ......................................................... 9

*McFarlane v. Altice USA, Inc.*,
  524 F. Supp. 3d 264 (S.D.N.Y. 2021) .................................................................. 9

*Miracle-Pond v. Shutterfly, Inc.*,
  2020 WL 2513099 (N.D. Ill. May 15, 2020) ........................................................ 7

*Moritz v. Universal City Studios LLC*,
  54 Cal. App. 5th 238 (2020) ................................................................................ 9

*Nagrampa v. MailCoups, Inc.*,
  469 F.3d 1257 (9th Cir. 2006) ..................................................................... 11, 12

*New Prime v. Oliveira*,
  139 S. Ct. 532 (2019) .......................................................................................... 9

*Newton v. Clearwire Corp.*,
  2011 WL 4458971 (E.D. Cal. Sept. 23, 2011) .................................................. 12

*Nghiem v. Dick's Sporting Goods, Inc.*,
  2016 WL 9131962 (C.D. Cal. July 5, 2016) ......................................................... 5

*Norcia v. Samsung Telecommc'ns Am., LLC*,
  845 F.3d 1279 (9th Cir. 2017) ............................................................................. 4

*Oberstein v. Live Nation Ent., Inc.*,
  60 F.4th 505 (9th Cir. 2023) ............................................................................... 7

*Payne v. Asset Acceptance Cap. Corp.*,
  2012 WL 13129846 (N.D. Ga. Mar. 15, 2012) .................................................... 5

*Plows v. Rockwell Collins, Inc.*,
  812 F. Supp. 2d 1063 (C.D. Cal. 2011), .......................................................... 12

*Rahim v. Chime Fin., Inc.*,
  2022 WL 18459836 (N.D. Ga. Nov. 14, 2022) .................................................... 7

- iv -

Case 8:23-cv-01344-JWH-DFM    Document 38    Filed 01/09/24    Page 6 of 21    Page ID
#:647

*Simula, Inc. v. Autoliv, Inc.*,
    175 F.3d 716 (9th Cir. 1999) ............................................................................... 11

*Smith v. Steinkamp*,
    318 F.3d 775 (7th Cir. 2003) ............................................................................... 10

*Snow v. ADT, LLC*,
    2019 WL 1090410 (C.D. Cal. Mar. 5, 2019) ......................................................... 6

*Three Valleys Mun. Water District v. E.F. Hutton & Co., Inc.*,
    925 F.2d 1136 (9th Cir. 1991) .......................................................................... 3, 4

*Tickanen v. Harris & Harris, Ltd.*,
    461 F. Supp. 2d 863 (E.D. Wis. 2006) ................................................................. 5

*In re Uber Text Messaging*,
    2019 WL 2509337 (N.D. Cal. June 18, 2019) .................................................... 13

*Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*,
    464 F. Supp. 3d 634 (S.D.N.Y. 2020) .................................................................. 7

*Valiente v. StockX, Inc.*,
    645 F. Supp. 3d 1331 (S.D. Fla. 2022) ................................................................ 7

*Van Tassell v. United Mktg. Grp., LLC*,
    795 F. Supp. 2d 770 (N.D. Ill. 2011) ................................................................... 6

*Wexler v. AT&T Corp.*,
    211 F. Supp. 3d 500 (E.D.N.Y. 2016) ................................................................ 10

*Wilson v. Huuuge, Inc.*,
    944 F.3d 1212 (9th Cir. 2019) .......................................................................... 5, 6

*Wisconsin Auto Title Loans, Inc. v. Jones*,
    714 N.W.2d 155 (Wis. 2006) ............................................................................... 8

**STATUTES**

9 U.S.C. § 4 .......................................................................................................... 11

**OTHER AUTHORITIES**

David Horton, *Infinite Arbitration Clauses*, 168 U. Pa. L. Rev. 633,
    639 (2020) ........................................................................................................ 2, 9

- v -

PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION
011183-11/2406189 V2

# I.    INTRODUCTION

Defendants Hyundai Motor America and Kia America, Inc. ("Defendants") seek to compel Plaintiffs to arbitrate their claims that Defendants falsely advertised their vehicles' charging speeds. *See* ECF Nos. 29-1 ("Kia Mot."), 32-1 ("Hyundai Mot.").[1] They argue that when Plaintiffs configured their vehicles' integrated technology systems ("Connected Services"), they agreed to Terms and Conditions ("Terms") containing a provision purporting to require arbitration of *all* disputes between them and Defendants related to *any* aspect of their Vehicles. But Defendants fail to carry their burden to prove that Plaintiffs had reasonable notice of the offer to arbitrate and affirmatively assented to it.

Defendants' only evidence consists of declarations from their employees explaining the sign-up process generally and screenshots purporting to show parts of that process, but they fail to show that Plaintiffs actually received notice of the Terms. And Plaintiffs' evidence establishes that they did not actually receive notice because they did not personally set up their connected services: dealership employees configured Plaintiffs' Connected Services without mentioning any Terms, much less a binding agreement to arbitrate all disputes related to any aspect of their Vehicles. For instance, Plaintiff Brendon Lobo was told that configuration of Connected Services was a mandatory step for the delivery of his vehicle, and a dealership employee took his phone and completed the entire configuration process. *See* Declaration of Brendon Lobo ("Lobo Decl.") ¶ 4. Similarly, a dealership employee used Plaintiff David Gould's phone to download the Connected Services app, register him, and sign him into the app. Declaration of David Gould ("Gould Decl.") ¶¶ 4–5. Plaintiffs had no notice of Defendants' Terms and did nothing to suggest that they assented to it, and Defendants have not submitted any evidence to the contrary.

---

[1] Terms not otherwise defined herein have the meaning assigned to them in Plaintiffs' First Amended Consolidated Class Action Complaint (ECF No. 27) ("Compl."). Plaintiffs are filing one opposition memorandum responsive to both of Defendants' motions. Unless specified otherwise, all of Plaintiffs' arguments apply equally to both motions.

Further, under the laws of various states, the Terms' arbitration agreement is procedurally and substantively unconscionable: Plaintiffs were pressured to accept Terms with no opportunity to opt out, and the agreements themselves impermissibly purport to require arbitration of any and all disputes arising from their Vehicles, including the charging issues that are the subject of this suit, despite the clause appearing in a contract related specifically to Connected Services. These types of "infinite" arbitration agreements should not be enforced.[2]

Defendants' motions to compel arbitration should be denied.

## II.    FACTUAL BACKGROUND

Defendants develop, manufacture, and sell electric vehicles ("EVs") that they advertise as offering seven- to nine-hour charging times at home with a Level 2 charger. Compl. ¶¶ 2–3. These claims are false: in reality, the chargers overheat before completing the charge, which requires owners to unplug and replug the chargers to restart the charging process. *Id.* ¶¶ 4, 62–72. Relying on Defendants' representations, Plaintiffs purchased their vehicles in 2022 and 2023. *Id.* ¶¶ 11–43. They all have experienced slower-than-advertised charging times for their vehicles. *Id.*

Defendants seek to compel arbitration of Plaintiffs' claims because, Defendants contend, their vehicles were enrolled in "Connected Services." ECF No. 29-2 ("Somasekharan Decl.") ¶¶ 14–15; ECF No. 32-2 ("Rao Decl.") ¶¶ 20–25. Plaintiffs Gould, Iyengar, Lobo, Nixon, Conheim, Mahon, Barnie, and Bright were enrolled in Connected Services while at the dealership purchasing their Vehicles. Gould Decl. ¶ 4; Declaration of Kaushik Iyengar ("Iyengar Decl.") ¶ 4; Lobo Decl. ¶ 4; Declaration of John Nixon ("Nixon Decl.") ¶ 4; Declaration of Jane Chang Bright ("Bright Decl.") ¶ 4; Declaration of Peter Conheim ("Conheim Decl.") ¶ 4;

---

2 *See* David Horton, *Infinite Arbitration Clauses*, 168 U. Pa. L. Rev. 633, 639 (2020) (discussing the rise of "infinite arbitration clauses" as in arbitration clauses covering all disputes and not limited to disputes arising from the transaction or contract at issue).

Declaration of Shane Mahon ("Mahon Decl.") ¶ 4; Declaration of Kingsley Barnie ("Barnie Decl.") ¶ 4. As part of the enrollment process, dealership employees undertook and completed the set-up process for Connected Services by downloading an app and configuring it for Plaintiffs. Gould Decl. ¶ 4; Iyengar Decl. ¶ 4; Lobo Decl. ¶ 4; Bright Decl. ¶ 4; Conheim Decl. ¶¶ 4–6; Mahon Decl. ¶¶ 5–6; Barnie Decl. ¶ 4. These employees never informed Plaintiffs of Defendants' terms or that they were agreeing to any contract on Plaintiffs' behalf. Gould Decl. ¶ 6; Iyengar Decl. ¶ 5; Lobo Decl. ¶ 5; Nixon Decl. ¶ 6; Bright Decl. ¶ 5; Conheim Decl. ¶ 8; Mahon Decl. ¶ 7; Barnie Decl. ¶ 5. Plaintiffs did not know about Defendants' Terms or the hidden arbitration agreement until this litigation. Gould Decl. ¶ 3; Iyengar Decl. ¶ 3; Lobo Decl. ¶ 3; Nixon Decl. ¶ 3; Bright Decl. ¶ 3; Conheim Decl. ¶ 3; Mahon Decl. ¶ 3; Barnie Decl. ¶ 3.

## III.    LEGAL STANDARD

The Supreme Court has held that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)); *see also Casa del Caffe Vergnano S.P.A. v. ItalFlavors, LLC*, 816 F.3d 1208, 1212 (9th Cir. 2016) ("Starting with first principles, we reiterate the Supreme Court's repeated admonition that '[a]rbitration is strictly a matter of consent.'") (quoting *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010)). "[I]t is 'well settled that where the dispute at issue concerns contract formation, the dispute is generally for courts to decide.'" *Id.* (quoting *Granite Rock*, 561 U.S. at 296–97).

"When considering a motion to compel arbitration in a case where the parties dispute whether an enforceable arbitration agreement exists, the Ninth Circuit has applied a standard similar to the summary judgment standard." *Hammond v. Compak Asset Mgmt., Inc.*, 2010 WL 11463177, at *3 (C.D. Cal. Apr. 29, 2010) (citing *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141 (9th Cir.

1991)); *see Briones v. Fitness Int'l, LLC*, 2016 WL 10957953, at *3 (C.D. Cal. Aug. 5, 2016). Therefore, "[a]ll reasonable doubts and inferences should be resolved in favor of the opposing party." *Hammond*, 2010 WL 11463177, at *3; *see Berman v. Freedom Fin. Network, LLC*, 2018 WL 2865561, at *2 (N.D. Cal. June 11, 2018) ("When a party opposes a motion to compel arbitration on the ground that no agreement to arbitrate was made, the court 'should give to the opposing party the benefit of all reasonable doubts and inferences that may arise.'") (quoting *Three Valleys*, 925 F.2d at 1141). "'Only when there is no genuine issue of fact concerning the formation of the [arbitration] agreement should the court decide as a matter of law that the parties did or did not enter into such an agreement.'" *Three Valleys*, 925 F.2d at 1141 (citation omitted).

Courts "'apply ordinary state-law principles that govern the formation of contracts' to decide whether an agreement to arbitrate exists." *Norcia v. Samsung Telecommc'ns Am., LLC*, 845 F.3d 1279, 1283–84 (9th Cir. 2017) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Similarly, "where a party specifically challenges arbitration provisions as unconscionable and hence invalid, whether the arbitration provisions are unconscionable is an issue for the court to determine, applying the relevant state contract law principles." *Jackson v. Rent-A-Center W., Inc.*, 581 F.3d 912, 918–19 (9th Cir. 2009).

Thus, the relevant law governing these motions varies by Plaintiff: California (Bright), Georgia (Lobo), Wisconsin (Mahon), Florida (Nixon), New Mexico (Conheim), and New York (Barnie, Gould, and Iyengar).

## IV.    ARGUMENT

### A.    Defendants do not meet their burden to show that Plaintiffs agreed to arbitrate their claims.

Defendants fail to meet their burden of proving the existence of a valid agreement to arbitrate. *See Torosyan v. BMW of N. Am., LLC*, 2020 WL 3628711, at *1 (C.D. Cal. Mar. 12, 2020) ("It is the burden of the party seeking to compel

- 4 -

arbitration, here Defendant, to satisfy these elements.").[3] Electronic agreements are subject to the traditional contract principle of mutual assent, and "the existence of mutual assent turns on whether the consumer had reasonable notice of the terms of service agreement." *Wilson v. Huuuge, Inc.*, 944 F.3d 1212, 1219 (9th Cir. 2019). Such reasonable notice was lacking here.

Plaintiffs lacked reasonable notice of the arbitration agreement because they were never informed of, or presented with, Defendants' Terms. Contrary to Defendants' unsupported and speculative claim that Plaintiffs "would have had" to click a box to acknowledge that they agreed to the Terms, Plaintiffs did not go through the set-up process for Connected Services; instead, *employees at Defendants' dealerships* set up the Connected Services for them. Gould Decl. ¶ 4; Iyengar Decl. ¶ 4; Lobo Decl. ¶ 4; Bright Decl. ¶ 4; Conheim Decl. ¶¶ 4–6; Mahon Decl. ¶¶ 5–6; Barnie Decl. ¶ 4. Thus, Plaintiffs were not aware of the Terms and could not have assented to them. Gould Decl. ¶ 3; Iyengar Decl. ¶ 3; Lobo Decl. ¶ 3; Nixon Decl. ¶ 3; Bright Decl. ¶ 3; Conheim Decl. ¶ 3; Mahon Decl. ¶ 3; Barnie Decl. ¶ 3.

Defendants' arguments regarding the enforceability of clickwrap agreements (Kia Mot. at 13–14, Hyundai Mot. at 13–15) are unavailing because a clickwrap agreement still requires "users to affirmatively assent to the terms of use before they can access the website and its services." *Wilson*, 944 F.3d at 1220. Plaintiffs could not have affirmatively assented to the Terms because they were neither shown them, nor informed of them, nor exposed to them. As a result, they never had the opportunity to accept or reject Defendants' offer because they did not even know it existed. *Cf.*, *e.g.*, *Nghiem v. Dick's Sporting Goods, Inc.*, 2016 WL 9131962, at *4

---

[3] All states relevant to the present motions similarly require the party seeking arbitration to prove that the parties have entered into a valid agreement to arbitrate. *See, e.g.*, *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 867 (E.D. Wis. 2006); *Galvez v. JetSmarter, Inc.*, 2019 WL 4805431, at *4 (S.D.N.Y. Sept. 30, 2019); *Fisher v. PNC Bank, N.A.*, 2019 WL 5260282, at *4 (S.D. Fla. Aug. 12, 2019); *Payne v. Asset Acceptance Cap. Corp.*, 2012 WL 13129846, at *7 (N.D. Ga. Mar. 15, 2012); *DeArmond v. Halliburton Energy Servs., Inc.*, 81 P.3d 573, 577 (N.M. Ct. App. 2003).

(C.D. Cal. July 5, 2016) (denying motion where plaintiff lacked actual knowledge of arbitration agreement and had no inquiry notice of terms); *Berman*, 2018 WL 2865561, at *4 (denying motion where plaintiff's declaration created genuine issue of fact regarding whether he personally agreed to terms and conditions); *Snow v. ADT, LLC*, 2019 WL 1090410, at *3 (C.D. Cal. Mar. 5, 2019) (denying motion where defendants' evidence established that arbitration agreement was sent but not that it was received by plaintiff). Defendants thus cannot satisfy their burden of showing the existence of an agreement to arbitrate.

### 1. Defendants cannot provide evidence of Plaintiffs' assent to the Terms.

Defendants assert generally that Plaintiffs assented to their Terms, *see* Kia Mot. at 12–13, Hyundai Mot. at 13–14, but they present no evidence that Plaintiffs *actually saw* any of these screens. Plaintiffs deny that they authorized Defendants' employees to consent to Defendants' Terms (Gould Decl. ¶ 6; Iyengar Decl. ¶ 5; Lobo Decl. ¶ 5; Nixon Decl. ¶ 6; Bright Decl. ¶ 5; Conheim Decl. ¶ 8; Mahon Decl. ¶ 7; Barnie Decl. ¶ 5) and Defendants present no evidence to the contrary, instead offering only screenshots of the generic set-up process for the Connected Services by which some users purportedly agreed to be bound by Defendants' Terms. *See* Somasekharan Decl. ¶¶ 7–16, Exs. A–C; Rao Decl. ¶¶ 16–27, Exs. A–B. Notably, none of Defendants' submitted materials specify whether these Plaintiffs agreed to Defendants' terms. *See* Somasekharan Decl. ¶¶ 7, 9–12 (describing what plaintiffs "would have" seen, done, or had to do); Rao Decl. ¶¶ 16–18, 26 (same).

It is not enough for Defendants to rely on speculation or to simply assert that Plaintiffs could not have used Connected Services without indicating assent to their Terms; they must *show* Plaintiffs' consent. *See Wilson*, 944 F.3d at 1220 (rejecting defendant's contention that the plaintiff "likely" saw the terms of service "at some point because he played the game many times"); *Van Tassell v. United Mktg. Grp., LLC*, 795 F. Supp. 2d 770, 788–89 (N.D. Ill. 2011) (denying motion to compel where

- 6 -

defendant pointed to electronic evidence that plaintiffs had accepted agreement but plaintiffs denied that they had viewed or accepted agreement). Defendants' screenshots are insufficient to demonstrate these Plaintiffs actually assented to Defendants' Terms.

Courts in this District likewise have held that when a plaintiff denies knowledge of an agreement to arbitrate, a defendant cannot meet its burden absent direct evidence of the plaintiff's assent. *See Briones*, 2016 WL 10957953, at *4 ("[B]road assertions as to its general practice fail to demonstrate that Plaintiff saw each agreement before signing."); *Gonzalez v. Preferred Freezer Servs., LBF, LLC*, 2012 WL 2602653, at *1 (C.D. Cal. July 5, 2012) ("[A]bsent persuasive proof of Plaintiff's assent to arbitration, the Court finds that Defendant has not met its burden of establishing that the parties mutually agreed to arbitrate their disputes."); *see also Lim v. Helio, LLC*, 2012 WL 12884440, at *4 (C.D. Cal. Apr. 11, 2012) (rejecting reliance on sample copies of service agreement to establish assent). The same applies here.

Defendants' general argument about the enforceability of clickwrap agreements relies on inapposite decisions where, unlike here, there was no dispute that plaintiffs expressly assented to defendants' terms. *See Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 517 (9th Cir. 2023) (plaintiffs did not dispute that notices alerted them of terms); *Valiente v. StockX, Inc.*, 645 F. Supp. 3d 1331, 1338 (S.D. Fla. 2022) (plaintiff did not dispute completing steps, including acknowledgment of terms); *Valelly v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 464 F. Supp. 3d 634, 642 (S.D.N.Y. 2020) (plaintiff acknowledged seeing terms); *Rahim v. Chime Fin., Inc.*, 2022 WL 18459836, at *2 (N.D. Ga. Nov. 14, 2022) (plaintiff did not file opposition to motion to compel); *Griffin v. Vivint Solar, Inc.*, 2021 WL 2186408, at *7 (D.N.M. May 28, 2021) (plaintiff did not dispute that he selected checkbox indicating assent); *Miracle-Pond v. Shutterfly, Inc.*, 2020 WL 2513099, at *4 (N.D. Ill. May 15, 2020) (plaintiff did not dispute tapping "Accept" button).

Indeed, some of Defendants' cited cases support Plaintiffs' position, which found no assent for the same reasons as Plaintiffs advance here. *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022) (defendants failed to show enforceable agreement); *Foster v. Walmart, Inc.*, 15 F.4th 860, 865 (8th Cir. 2021) (finding material disputes of fact regarding whether parties agreed to arbitrate).

Accordingly, Defendants have not met and cannot meet their burden of showing that Plaintiffs knowingly entered into agreements to arbitrate. *See Lim*, 2012 WL 12884440, at *3–4 (defendant failed to show "that a valid agreement to arbitrate exists" when it could not "produce a copy of Plaintiff's actual, signed agreement"). Their motions should be denied.

## B. The Terms' arbitration agreements are unenforceable because they are unconscionable.

Even if the Court finds Plaintiffs knowingly entered into an agreement to arbitrate their claims, it should decline to enforce the agreements because they are unconscionable.

All states relevant to this action recognize unconscionability as a defense to contract formation. *See, e.g.*, *Glover v. Bob's Discount Furniture, LLC*, 621 F. Supp. 3d 442, 449 (S.D.N.Y. 2022); *Clark v. Aaron's, Inc.*, 2012 WL 4468747, at *6 (N.D. Ga. Sept. 26, 2012); *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1157–58 (Fla. 2014); *Wisconsin Auto Title Loans, Inc. v. Jones*, 714 N.W.2d 155, 164 (Wis. 2006); *Gatton v. T-Mobile USA, Inc.*, 152 Cal. App. 4th 571, 579, (2007) (states requiring showing of both procedural and substantive unconscionability); *see also Jerry Erwin Assocs., Inc. v. Est. of Asher by & through Zangara*, 290 F. Supp. 3d 1213, 1240 (D.N.M. 2017) (permitting finding of unconscionability based on either procedural or substantive unconscionability). The factors relevant to findings of either procedural or substantive unconscionability are similar across states. *See generally id.*

Here, the arbitration agreement is both substantively and procedurally unconscionable and therefore is unenforceable in all states at issue.

### 1. The Terms' arbitration agreements are substantively unconscionable.

The agreements are substantively unconscionable because they are "infinite arbitration clauses."[4] Plaintiffs' suit does not arise out of or relate to Connected Services; it concerns a wholly separate aspect of their Vehicles' functioning. But despite the agreements being included only in the Terms for Connected Services, they purport to bind Plaintiffs to arbitration for all disputes connected whatsoever to their Vehicles, including disputes that relate to mechanical issues that have no relation at all to the Connected Services. *See, e.g.*, Somasekharan Decl., Ex. D, at 29 (requiring arbitration for, *inter alia*, "any matters relating to or arising out of your Vehicle purchase, ownership, or lease"); Rao Decl., Ex. C, at 12 (requiring arbitration for, *inter alia*, "any and all disputes … arising out of or related to … the Vehicle").

This type of bait-and-switch agreement is unconscionable. As the U.S. Supreme Court explained, "[w]hile a court's authority under the Arbitration Act to compel arbitration may be considerable, it isn't unconditional." *New Prime v. Oliveira*, 139 S. Ct. 532, 537 (2019). The FAA does not require enforcement of an arbitration agreement for "disputes unrelated to the contract in which the provision appears." *Moritz v. Universal City Studios LLC*, 54 Cal. App. 5th 238, 248 (2020). The FAA applies only to "'[a] written provision in any … contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter *arising out of such a contract or transaction*.'" *McFarlane v. Altice USA, Inc.*, 524 F. Supp. 3d 264, 278–79 (S.D.N.Y. 2021) (quoting 9 U.S.C. § 2); *cf. Howard v. Goldbloom*, 30 Cal. App. 5th 659, 664 (2018) (denying motion to compel arbitration because, despite the broad language of the arbitration agreement at issue, the claims at issue did not "have their roots in the relationship … created by the contract").[5]

---

[4] *See* David Horton, *Infinite Arbitration Clauses*, *supra* n.2.

[5] The *Maranda* court erroneously treated the issue as one of the scope of arbitrability, holding that the agreements' delegation clause delegates the question of arbitrability to an arbitrator. *Maranda v. Hyundai Motor Am., Inc.*, 2023 WL

Because Defendants' arbitration agreements are not limited disputes relating to or arising out of the Connected Services contract, "absurd results ensue" from Defendants' interpretation: Plaintiffs would be required to arbitrate claims related to vehicle charging because of a clause buried in a contract related to their vehicles' integrated technology systems. *Smith v. Steinkamp*, 318 F.3d 775, 777 (7th Cir. 2003) (denying motion to compel arbitration based on infinite arbitration agreement); *see Esparza v. SmartPay Leasing, Inc.*, 2017 WL 4390182, at *3 (N.D. Cal. Oct. 3, 2017), *aff'd*, 765 F. App'x 218 (9th Cir. 2019) (applying arbitration clause "with no limiting principle would render the clause impermissibly overbroad"); *In re Jiffy Lube Int'l, Inc., Text Spam Litig.*, 847 F. Supp. 2d 1253, 1263 (S.D. Cal. 2012) (arbitration agreement covering "any and all disputes," including disputes not arising from or related to the transaction or contract at issue, "would clearly be unconscionable").[6] There must be reasonable bounds to the scope of arbitration clauses, lest customers waive *all* their rights to seek relief for *anything* the company does.

### 2.    The Terms' arbitration agreements are procedurally unconscionable.

Procedural unconscionability "concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). Here, Plaintiffs' declarations

---

6474450, at *15 (C.D. Cal. Oct. 2, 2023). As explained here, the question is properly considered one of unconscionability (or contract formation), not the scope of arbitrability.

[6] In light of the Supreme Court's holding in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), another court applying New York law has framed the same concern as a matter of contract formation, rather than unconscionability. *See Wexler v. AT&T Corp.*, 211 F. Supp. 3d 500, 503 (E.D.N.Y. 2016) ("[N]o reasonable person would think that checking a box accepting the 'terms and conditions' necessary to obtain cell phone service would obligate them to arbitrate literally every possible dispute he or she might have with the service provider .... Rather, a reasonable person would be expressing, at most, an intent to agree to arbitrate disputes connected in some way to the service agreement with Mobility.").

demonstrate that they were never told that configuring Connected Services would bind them to a far-reaching arbitration clause. Gould Decl. ¶ 6; Iyengar Decl. ¶ 5; Lobo Decl. ¶ 5; Nixon Decl. ¶ 6; Bright Decl. ¶ 5; Conheim Decl. ¶ 8; Mahon Decl. ¶ 7; Barnie Decl. ¶ 5. Plaintiff Lobo was even told (falsely) that Connected Services were mandatory for delivery of his vehicle. Lobo Decl. ¶ 4. And the Terms themselves show that Plaintiffs had no opportunity to opt out of the arbitration agreement. *See generally* Somasekharan Decl., Exs. D–H; Rao Decl., Exs. C, D.

Further, the adhesive nature of the arbitration agreements here supports a finding of procedural unconscionability. *Cf. Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1281 (9th Cir. 2006) (citation omitted) ("a finding of a contract of adhesion is essentially a finding of procedural unconscionability"); *Davis v. USA Nutra Labs*, 303 F. Supp. 3d 1183, 1196 (D.N.M. 2018) (adhesive contract is procedurally unconscionable where party shows it had no opportunity to negotiate).

## C.    The Court should order discovery before granting Defendants' motions to compel.

The Federal Arbitration Act grants Plaintiffs the right to engage in limited discovery that relates to the formation of the arbitration agreement itself. *See* 9 U.S.C. § 4 ("If the making of the arbitration agreement … be in issue, the court shall proceed summarily to the trial thereof. … [T]he party alleged to be in default may … demand a jury trial of such issue[.]"). The Ninth Circuit has also endorsed this approach. *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4)) ("The FAA provides for discovery and a full trial … only if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue.'").

Here, Plaintiffs contend that they did not enter into the arbitration agreements themselves; rather, dealership personnel agreed to them on their behalf without the Plaintiffs' permission or knowledge. Gould Decl. ¶¶ 4–6; Iyengar Decl. ¶¶ 4–5; Lobo Decl. ¶¶ 4–5; Nixon Decl. ¶ 6; Bright Decl. ¶¶ 4–5; Conheim Decl. ¶¶ 4–8; Mahon

- 11 -

Decl. ¶¶ 5–7; Barnie Decl. ¶¶ 4–5. "[T]he making of the arbitration agreement is in issue if the plaintiff alleges that the arbitration clause was fraudulently induced, that one party had overwhelming bargaining power, or that the agreement does not exist." *Hibler v. BCI Coca–Cola Bottling Co. of L.A.*, 2011 WL 4102224, at * 1 (S.D. Cal. Sept. 14, 2011) (citing *Granite Rock Co. v. Int'l Broth. of Teamsters*, 561 U.S. 287, 296–97 (2010)); *Nagrampa*, 469 F.3d at 1269–70. This is such a circumstance.

Numerous courts have permitted discovery on both formation and unconscionability issues prior to deciding a motion to compel arbitration. *See, e.g.*, *Newton v. Clearwire Corp.*, 2011 WL 4458971, at *6–8 (E.D. Cal. Sept. 23, 2011) (permitting limited pre-arbitration discovery regarding unconscionability); *Plows v. Rockwell Collins, Inc.*, 812 F. Supp. 2d 1063, 1069–70 (C.D. Cal. 2011) (permitting four months to conduct discovery on the enforceability of the arbitration agreement); *Laguna v. Coverall N. Am., Inc.*, 2011 WL 3176469, at *7 (S.D. Cal. July 26, 2011) (permitting limited discovery, narrowly tailored to determining whether arbitration agreement is enforceable under state law); *Hamby v. Power Toyota Irvine*, 798 F. Supp. 2d 1163, 1164–65 (S.D. Cal. 2011) (permitting limited pre-arbitration discovery on issue of unconscionability); *Larsen v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 3794755, at *1 (11th Cir. Aug. 26, 2011) (vacating district court order which denied a motion to stay pending arbitration and remanding with instructions to reconsider in light of the Supreme Court's decision in *Concepcion* and that "discovery is to be limited to issues bearing significantly on the arbitrability of this dispute until the question of arbitrability has been decided"). Plaintiffs respectfully submit that the Court should follow this approach here and permit Plaintiffs to conduct discovery on the enforceability of the disputed provisions.

**D.    The Court need not reach Defendants' scope arguments or stay the case because Defendants fail to establish an agreement between themselves and Plaintiffs.**

Because there was no agreement to arbitrate, or alternatively, because the arbitration agreement is unconscionable, the Court need not reach Defendants'

arguments regarding the scope of arbitrability or the arbitrability of Plaintiffs' claims. And because Defendants' motions to compel Plaintiffs to arbitrate should be denied, "there is no basis to stay the case" and its request for a stay pending arbitration should also be denied. *In re Uber Text Messaging*, 2019 WL 2509337, at *10 (N.D. Cal. June 18, 2019).

## V.    CONCLUSION

Defendants have not met their burden to establish that Plaintiffs consented to Defendants' Terms, and the arbitration agreements themselves are both substantively and procedurally unconscionable. The Court should deny Defendants' motions to compel arbitration.

DATED: January 9, 2024                Respectfully submitted,

                                      */s/ Christopher R. Pitoun*
                                      Christopher R. Pitoun (SBN 290235)
                                      **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                      301 North Lake Avenue, Suite 920
                                      Pasadena, CA 91101
                                      Telephone: (213) 330-7150
                                      Facsimile: (213) 330-7152
                                      christopherp@hbsslaw.com

                                      Steve W. Berman (pro hac vice)
                                      Jerrod C. Patterson (pro hac vice)
                                      **HAGENS BERMAN SOBOL SHAPIRO LLP**
                                      1301 Second Avenue, Suite 2000
                                      Seattle, WA 98101
                                      Telephone: (206) 623-7292
                                      Facsimile: (206) 623-0594
                                      steve@hbsslaw.com
                                      jerrodp@hbsslaw.com

                                      Matthew D. Schelkopf
                                      Joseph B. Kenney
                                      **SAUDER SCHELKOPF LLC**
                                      1109 Lancaster Avenue
                                      Berwyn, PA 19312
                                      Telephone: (610) 200-0580
                                      Facsimile: (610) 421-1326
                                      mds@sauderschelkopf.com
                                      jbk@sauderschelkopf.com

- 13 -

1

2    William H. Anderson (pro hac vice)
     **HANDLEY FARAH & ANDERSON PLLC**
3    5353 Manhattan Circle, Suite 204
     Boulder, CO 80303
4    Telephone: (303) 800-9109
     Facsimile: (844) 300-1952
5    wanderson@hfajustice.com

6
     Simon Wiener (pro hac vice)
7    **HANDLEY FARAH & ANDERSON PLLC**
     68 Harrison Avenue, Suite 604
8    Boston, MA 02111
     Telephone: (202) 921-4567
9    Facsimile: (844) 300-1952
     swiener@hfajustice.com
10

11   Stephen R. Basser (pro hac vice forthcoming)
     Samuel M. Ward (pro hac vice forthcoming)
12   **BARRACK, RODOS & BACINE**
     600 West Broadway, Suite 900
13   San Diego, CA 92101
     Telephone: (619) 230-0800
14   Facsimile: (619) 230-1874
     sbasser@barrack.com
15   sward@barrack.com

16
     John G. Emerson (pro hac vice forthcoming)
17   **EMERSON FIRM, PLLC**
     2500 Wilcrest, Suite 300
18   Houston, TX 77042
     Telephone: (800) 551-8649
19   Facsimile: (501) 286-4659
     jemerson@emersonfirm.com
20

21   *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

- 14 -

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 4,295 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 9, 2024          */s/ Christopher R. Pitoun*
                                 Christopher R. Pitoun

PLAINTIFFS' OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO COMPEL ARBITRATION

011183-11/2406189 V2